IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-393 (Grigg) |

O R D E R

On March 18, 2004, Plaintiff Teresa Grigg was implanted with Defendant Mentor Worldwide LLC's suburethral sling product, ObTape Transobturator Tape. Grigg alleges that she suffered injuries that were proximately caused by defects in ObTape. Grigg also asserts that she suffered injuries because Mentor did not adequately warn her physicians about the risks associated with ObTape and because Mentor concealed the true risks of ObTape from her physicians. Grigg is a North Carolina resident whose ObTape-related medical treatment occurred in North Carolina. She filed her action in this Court on August 29, 2013 under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004.

Mentor seeks summary judgment on Grigg's claims contending that they are barred by the North Carolina statute of repose and

that they fail because Grigg did not disclose a specific causation expert and thus cannot prove causation. Grigg does not oppose summary judgment as to her strict liability and negligence claims, but she contends that (1) she asserted breach of express warranty and breach of implied warranty claims, (2) Minnesota law applies to those claims under North Carolina's choice of law rules, and (3) her warranty claims are not barred under Minnesota law.

The first problem for Grigg is that she did not assert any warranty claims in her Complaint. There are two counts in her Complaint: Count I – Strict Liability and Count II – Negligence. Compl. 4, 7, ECF No. 1 in 4:13-cv-393. Based on the Court's review, the word "warranty" does not appear in Grigg's Complaint. If Grigg wanted to assert warranty claims, she should have said so in her Complaint.

The second problem for Grigg is that even if she had asserted warranty claims and even if the Court applied Minnesota law to those claims as Grigg contends the Court should do, the claims are time-barred under Minnesota law. In support of her contention that any warranty claims she asserted are timely, Grigg points to the Minnesota statutes of limitations for strict liability and negligence. But as the Court has explained on several occasions, under Minnesota law, a breach of warranty action "must be commenced within four years after the cause of

2

action has accrued." Minn. Stat. § 336.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. Ann. § 336.2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.*; *cf. Allstate Ins. Co. v. Gen. Motors Corp.*, No. PD 04-12393, 2005 WL 264276, at *4–*5 (Minn. Dist. Ct. Jan. 24, 2005) (concluding that the plaintiff's breach of warranty claim accrued when the plaintiff's car was delivered to him, not when the car's rear axle and rotor plate failed several years later). Grigg does not appear to dispute that her ObTape was delivered on March 18, 2004 when it was implanted into her body. Grigg also does not dispute that she did not file this action within four years after delivery of her ObTape. And she did not point to any evidence that ObTape's warranty explicitly extended to future performance. Thus, even if Grigg had asserted warranty claims, they would be time-barred under Minnesota law.

The third problem for Grigg is that she did not disclose a specific causation expert to opine that her injuries were caused by defects in ObTape. Lewis Decl. ¶ 8, ECF No. 33-3 in 4:13-cv-393. She also did not respond to Mentor's summary judgment

3

motion based on lack of causation. Once Mentor showed that Grigg could not produce admissible evidence to support specific causation, Grigg had the burden to point to some evidence to create a genuine fact dispute on specific causation. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record[.]"). Grigg did not point to any evidence that she disclosed a specific causation expert in this case. And she did not point to any expert reports, affidavits, declarations, or depositions from any experts to establish that she suffered injuries that were proximately caused by a defect in ObTape. Without evidence on specific causation, Grigg cannot prevail on any of her claims.

For all of these reasons, Mentor's summary judgment motion (ECF No. 33 in 4:13-cv-393) is granted.

IT IS SO ORDERED, this 2nd day of September, 2016.

                                              s/Clay D. Land  
                                              CLAY D. LAND  
                                              CHIEF U.S. DISTRICT COURT JUDGE  
                                              MIDDLE DISTRICT OF GEORGIA